Page et al. *v.* Belt.

admit in his answer the taking possession of the chattels sued for, and he would have made a *prima facie* case.

---

PAGE & PETTUS, Plaintiffs in Error, *vs.* BELT, Defendant in Error.

1. A plaintiff in an attachment suit, by mistake, stated the amount of his demand, in his petition and affidavit, at too small a sum. This amount was inserted in the writ to the sheriff. The sheriff attached the defendant's property, which he released upon payment of the amount named in the writ, with costs. Afterwards, the plaintiff recovered judgment in the attachment suit for the sum actually due him. *Held*, the sheriff was not liable.

*Error to St. Louis Circuit Court.*

*Todd & Krum*, for plaintiffs in error. 1. The petition was sufficient, without amendment, for the actual balance due.

In pleading, that is sufficiently certain which, by what is alleged, can be made certain, and this is all the certainty required by the new code. See sec. 1, art. 6. The defendant is not misled, for a copy of the petition is served upon him, and from its data he can compute the just balance.

Nor is the statement in the plaintiffs' affidavit, that Welsheimer was indebted to plaintiffs in the sum of $178 26, after allowing all just credits and off-sets, a bar to the plaintiffs' right to recover the amount *actually* due on the note mentioned in the petition. Sec. 3 attachment act, p. 134; sec. 12, p. 136; sec. 21, p. 139; sec. 59, p. 145. 2. The sheriff's duty, under the writ is, to attach property enough to secure the claim, interest and costs, if he can find it, and when attached, it is his duty to keep it in custody (see sec. 12, attachment act) to be levied upon or applied for the satisfaction of the judgment obtained in the suit, (section 59 of said act.) It is no part of his duty or his right to settle suits. 3. The plaintiff in an attachment suit has the right to an execution upon the judgment therein obtained, and to have it levied upon the property attached. In this case, the defendant has deprived the plaintiffs of that right, by an act, upon his own motion, without the authority of law or the consent of the plaintiffs, and therefore, the loss to the plaintiffs, by that act, the defendant is accountable for to them. 9 Mass. Rep. 535, marginal. 4. The sheriff has no right to question the validity of the writ. If regular on its face, it is his duty to execute it, and he is protected in executing it. 12 Wend. R. 96. 18 J. R. 53. 9 Conn. R. 146. 1 Nott & McCord, 234, 236.

*R. M. Field*, for defendant in error. 1. The sheriff, having strictly complied with the precept of his writ, by seizing money sufficient to satisfy the amount mentioned in the writ, is not liable in the present suit. 2. The sum sued for and sworn to, was the precise amount mentioned in the writ of attachment. But if it were not, it was the fault of the clerk, and the plaintiffs may seek their remedy against him. 3. The judgment was irregular and void under the 4th section, 12th article of new practice act. The amendment made by the plaintiffs, in

the attachment suit, after the return of the process, without any service of the same on defendant, and without his appearance, can have no other effect than to destroy all the lien of the attachment. There is, consequently, no valid judgment in the attachment case to support a suit against the sheriff, even for the money actually held by him.

RYLAND, Judge, delivered the opinion of the court.

The following agreed case was presented to the Circuit Court of St. Louis county, who decided in favor of Belt, the defendant below. The plaintiff brings the case here by writ of error.

" The plaintiff, in this case, sued out an attachment in this court on the 23d day of February, 1852, against one P. Welsheimer, which attachment was founded on a promissory note, as will appear by the petition, affidavit and writ in said suit, on file in this court, and which are made a part of this agreement. On the day said attachment was issued, it was placed in the hands of Henry B. Belt, the defendant in this case, and who was then and is now sheriff of St. Louis county, to be executed. The defendant, in virtue of said attachment, on the same day seized the property of the said Welsheimer, as will appear by the said sheriff's return endorsed on said writ, and which return is also made a part of this agreement. After the property of said Welsheimer was seized, as aforesaid, the defendant voluntarily released the said property on said Welsheimer's paying to him $178 26 and costs—making together, $187 67. On the 24th day of June, 1852, the plaintiffs recovered judgment in said attachment suit against said Welsheimer, for $208 74, as will appear by the record of said judgment, which is also made a part of this agreement. It is admitted that the property levied upon, under said attachment, and released as aforesaid, was worth sufficient to pay the amount of the said judgment and all costs in said attachment suit. Now the plaintiffs claim that, upon the facts aforesaid,

the defendant, Henry B. Belt, as such sheriff, is liable for the full amount of the judgment and costs recovered in said attachment suit. On the other hand, the said Belt claims that, upon the facts aforesaid, he is only liable for $178 26 and costs—making together, $187 67, the amount paid to him by said Welsheimer, and which amount said Belt is willing and has offered to pay.

" The question, whether the defendant is liable, as claimed by the plaintiffs, upon the facts aforesaid, is submitted to the court, and its judgment prayed in the premises."

The amount stated in the petition, affidavit and writ above referred to, was $178 26.

1. From these facts it is plain that, if any wrong or injury was done to the plaintiffs, it was occasioned by their blunder and mistake. The amount was stated and sworn to. It was marked down in figures in the petition, and in the affidavit. It was the amount named in the writ of attachment, by which the sheriff was required to attach the goods and chattels, moneys, &c., of the defendant.

Now as the sheriff could have, by law, attached the money of the defendant, if he could have found it, we cannot see any good reason why he shall be made liable for the mistake of the plaintiffs, should he bring into court, for them, the sum they demand of the defendant under oath, instead of taking perishable property—property liable to become of daily expense. Suppose the sheriff had refused to take the money sworn to as the amount due, when tendered to him by the defendant, but had held on to the horses, and before judgment one or both of them had died, then the plaintiffs would have felt themselves aggrieved by this refusal to take the money, though there was no law to compel him to take it, or to make him liable if he refused and relied on the property.

Where it must be obvious, as it is from the facts of this case, that the sheriff acted in good faith, and was led into the error by the plaintiffs themselves, we are not willing to visit on him

the severities of a most rigid construction of ministerial duty. The plaintiffs have made the mistake themselves and thereby misled the sheriff. We will let the judgment below remain as it is, all the Judges concurring.